# SAINT PATRICK'S DAY, 2004

United States District Court
Eastern District of Illinois
( 7th Circuit)

Bazlin,
Lynch
Howard
DeClerico
Krueger

Glendora,
          Plaintiff
          Versus
Robert S. Lasnik
1010 5th AV
Seattle, Washington 98104

Carol B. Amon and
Robert C. Heinemann and
Ralph Vega
225 Cadman Plaza East
Brooklyn, NY 11201

Defendants _____ Boudin and
_____ Lynch and
_____ Howard and
_____ DeClerico and
Susan J. Krueger
1 Courthouse Way
Boston, Massachusetts 02210

VERIFIED

COMPLAINT

JURY
TRIAL
DEMANDED

21

John Bauer and
Peter Coviello and
John Bright and
Rhoda Freeman and
Contrarian Capital
   Management
411 West Putnam Av
Greenwich, Ct 06830

Community Television
of Prince George's
County and
Sherry Byrnes and
Gina Hammond Jordan
9475 Lottsford Rd
Largo, Maryland 20774

Ginsburg                    Sentelle, Henderson,
Randolph, Rogers, Tatel, Garland,
Hogan,                  Urbina, Sullivan, Robertson,
Kollar-Kotelly and Kennedy,

and Harry T. Edwards
333 Constitution Ave NW
Washington, DC 20001

M



Village of Chatham, NY and
Chatham Police
77 Main St
Chatham, NY 12037

George C. Dixon and
Jo Ann Dixon
77 Main St
Chatham, NY 12037

James Kleinbaum
18 Park Row
Chatham, NY 12037

Defendants.

1. This is a verified complaint. Under penalty of perjury, Glendora asseverates she is telling the truth, the whole truth and nothing but the truth; so help her, God.

2. Defendants have not.

3. And for this they are being sued pursuant to criminal code 18 USC § 1001.

4. This is a Rule 8, Federal Rules of Civil Procedure, notice complaint.

5. Glendora proffers the papers that exhibit the violations of each defendant. Defendants showed no acumen covering up their tracks.

6. This court has subject-matter jurisdiction because of federal question and/or diversity of citizenship.

7 This court has venue because this is a civil rights action. A civil rights action can be brought in any federal court in the USA.

— F.3d —
(Cite as: 1995 WL 15830 (2nd Cir.(N.Y.)))

GLENDORA, Plaintiff-Appellant,

v.

CABLEVISION SYSTEMS
CORPORATION, Charles F. Dolan,
William J. Bell, Marc A.
Lustgarten, Francis F. ___olph, Jr.,
John Tatta, James A. Kofalt, Joseph
Azzara, Thomas Garger and William
Quinn, Defendants-Appellees.

Nos. 290, 94-7289.

United States Court of Appeals,
Second Circuit.

Jan. 11, 1995.

VAN GRAAFEILAND

*1 Glendora     who prefers to be known
simply as 'Glendora', appeals from a
judgment of the United States District Court
for the Southern District of New York
(Brieant, J.) dismissing her ... se complaint
pursuant to Fed.R.Civ.P. 12(b)(6) for failure to
ue a claim upon which relief can be granted.
Like many pro se complaints, Glendora's is
verbose where verbosity is unnecessary and
sparse where causal allegations are required.
However, in view of the well-settled rule,
particularly applicable in pro se civil rights
actions, that a complaint should not be
dismissed " 'unless it appears beyond doubt
that the plaintiff can prove no set of facts in
support of (her) claim which would entitle
[her] to relief.' " Branum v. Clark, 927 F.2d
698, 705 (2d Cir.1991) (quoting Conley v
Gibson, 355 U.S. 41, 45-6 (1957)), we remand
to the district court for further consideration.

— F.3d —
(Cite as: 1995 WL 15830, *2 (2nd Cir.(N.Y.)))

Cable Communications Policy Act of 1984, as
amended and supplemented by the Cable
Television Consumer Protection and
Competition Act of 1992, codified principally
in 47 U.S.C. Subchapter V-A of Chapter 5, §§
521, et seq. To the extent, if any, that the
state and federal statutes differ, the federal
statutes control. See Capital Cities Cable, Inc.
v. Crisp, 467 U.S. 691, 698-700 (1984), a
Cable Television Ass'n of New York, Inc. v
Finneran, 954 F.2d 91, 97-98 (2d Cir.1992).
The New York Executive Law provides for the
appointment of a commission with general
oversight powers with respect to New York
cable operations, see §§ 814 and 815, and
requires that cable systems be franchised by
the municipalities in which they provide
service, § 819. (FN1) It also contains a broad
proscription against "censorship by the
commission, the municipality and the cable
company itself. See § 829." Section 531 of 47
U.S.C. provides for the establishment of cable
channels for "public, educational, or
governmental use" and section 531(e) limits
the cable operator's exercise of editorial
control over these channels).

insists that a United States
judge read her complaint, decide
her complaint and sign every paper.
This complaint is to be adjudica-
ted, decided, determined and pro-
nounced judicially and only judicially.
Glendora will suffer no more
of this synthetic, artificial
and addled hoop-jumping by kid
law clerks with acuminate heads.
Glendora is adamant hereon.

17 The controlling phrase
in all venue laws 28 USC § 1404 →
is " in the interest of
justice." Congress said what it
meant and meant what it said.

18 reserved

3

are not to answer for them.

21 By common law, your job is simply to ensure that the rights of both parties are protected. When you cease to do this, you lose jurisdiction (28 US Code Sections 144 and 354).

15

22 Even with the multiple layers of self-interest and the scars taken by your soul to get this job, you can introcept that this is right for America.

21 Glendore will not sign a magistrate-consent form. So such form does not have to be sent. One dissent stops a magistrate consent for all.

22 Please send the summons signal

gamma

15 Defendants Bouclin, Howard, Declerico and Krueger are sued for their abandoned violation of a very clear law: 28 US court § 636.

16 Further they violated the US Constitution, FRCvP and the Pledge of Allegiance to the American flag.

17 Krueger is additionally sued for impersonating a circuit judge.

18 Their renegade story is told in attached papers infra of March 2 and 10.

WHEREFORE, there fore and ergo plaintiff Glendora must be awarded $180,000,000.00 (one hundred eighty million dollars) In compensatory and punitive damages together with the costs of this action and any further relief just and proper.

43

Dated: Easter, 2004, Anno Domini State of New York

Yours in truth and in amor patriae,

Glendora

WITH OUT PREJUDICE
UCC 1-207
GLENDORA

Omnibus 21
Opus 1114
25 hours
$ 215.32

A Chat With Glendora
On 42 TV stations Including
Washington, DC
Box 124
Ghent, NY 12075
914 949 9495

21

Notice of Lavsuit and Request for Waiver of Service of Summons

TO:  (_____)
     (_____)

   A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Eastern District of Illinois (7th circuit) and has been assigned docket number

   This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within ____30____ days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope                                    for your use.  An extra copy of the waiver is also attached for your records.

   If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United states).

   If you do not return  the signed waiver within the time indicated, I will take appropriate steps to effect formal service in  manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

   I affirm that this request V being sent to you on behalf of the plaintiff, this 14th day of April, 2004, Anno Domini

Mary Tid of Cole                  Glendora
                         Signature of Plaintiff's Attorney of
                         Unrepresented Plaintiff

Effective A/O 12/1/93 in compliance with Federal Rules of Civil Procedure 4

Notice of Lawsuit and Request for Waiver of Service of Summons

TO:  _____
     ( _____ )

L-4

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the **Eastern District of Illinois (7th Circuit)** and has been assigned docket number.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within ___10___ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope _____ for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 19th day of April 2004, Anno Domni

Glendora

may 10/04          Signature of Plaintiff's Attorney or
Glen                 Unrepresented Plaintiff

Effective A/O 12/1/93 in compliance with
Federal Rules of Civil Procedure 4

Under penalty of perjury
Glendora declares she served
by First class U.S. mail on 4/19/04 10/49
~~Patriots Day~~, the following upon each 5/14/04
defendant:

a. two copies each of the notice of lawsuit
   and request for waiver of summons
b. two copies each of the waiver of service
   of summons
c. two copies each of the duty to avoid unnecessary costs of service of summons
d. a copy of the complaint

   an envelope stamped 37¢ and addressed to

Glendora
A Chat with Glendora
Box 124
Ghent, NY 12075

___ Glendora served the within upon
all defendants listed infra at the
addresses listed herein.

Yours in truth and in amor patriae,
Glendora

**WITH OUT PREJUDICE**
**UCC 1-207**
**GLENDORA**

Glendora
A Chat with Glendora
Box 124
Ghent, NY 12075

5/10/41 M

# hrs & $

## Omnibus 21 Glendora vs Lesnik

Omni
Opus 1114
32 hours
$256.88

Glendora vs Nasty
Natcha, Bully Dixons,
Kleinbaum

Opus 1136
163 hours
$357.62



Fresh out of college -- too fresh -- Glendora went to work for
NBC Hollywood.  This afforded the opportunity to meet such greats
as Bob Hope, Groucho Marx, Jack Benny, Red Skelton and Dinah Shore.
"The salary afforded little else."  Glendora hosted TV shows for
over 14 years.  "It always amazed me how much the public will
stand."  "All in all", she says, "I've been on television 30 years.
You can verify this by counting the rings under my eyes."    (OVER)

## Waiver of Service of Summons

TO: GLENDORA

I acknowledge receipt of your request that I waive service of a summons in the action of ___Glendora vs 25nik___ in the United States which is case number ___Eastern District of Illinois___. I District Court for the ___ of the complaint in the action, two have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 4/19/4 (date request was sent), or within 90 days after that date if the request was sent outside the United States.

| | |
|---|---|
| _____ | Signature _____ |
| Date | Printed/typed name: _____ |
| | (as _____ ) |
| | (of _____ ) |

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with Federal Rules of Civil Procedure 4

**Waiver of Service of Summons**

TO: GLENDORA

    I acknowledge receipt of your request that I waive service of a summons in the action of _____ Glendora v. _____ in the United States District Court for the _____. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 4/15/4 (date request was sent), or within 90 days after that date if the request was sent outside the United States.

_____
Date

Signature
Printed/typed name: _____
    (as _____)
    (of _____)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4

and embossed by the clerk together with the civic duty form to waive the cost of serving a summons.

23 All defendants are sued for mail fraud.

19 If you don't give me justice, if you rob me of due process, if you do any of this suaisponte stuff, I want my money back. This $150 comes out of my social security. You have a job to do: protect America, enforce the statutes, the US Constitution and the US Code. You get $140,000 plus annually to achieve same.

20 This case has to be litigated by me plaintiff and the defendants. You are not to act as their defense attorney. They have to answer. If they don't, I get Federal-Rules-of-Civil-Procedure default judgment, Rule 55. You

14 Promiscuously defendants violated criminal code 18 USC § 1001. Glendora involves 18 USC § 1941 et seq, Racketeer-Influenced-Crime-Organizations Act (RICO), to provide this court with subject-matter jurisdiction in conjunction with the complaints herein that cite criminal statutes, such as mail fraud, such as tampering with the record, inter alia.

## NO MAGISTRATES

15 No magistrate is to touch Glendora's action in any way without her consent in writing. This is the law, 28 USC § 636

## NO CLERKS

16 Glendora has a Constitutional right to an Article III Judge. She

8 **Most** defendants are state actors. All are liable to Glendora under Title 42 U.S. code Section 1983, civil rights.

9 All are liable under 42USC §1985, conspiracy.

10 By Rule 12, Federal Rules of Civil Procedure, this court must accept Glendora's allegations as true.

11 Remember Glendora has a constitutional right to be pro se. If you have a problem with that, actuate 28 USC §144 and §355 amam.

12 This action is a legal proceeding by which Glendora enfores and demends her rights in a court of justice.

13 Pro-se, civil-rights actions cannot be dismissed until plaintiff has the opportunity to ...

Monica Connell
120 Broadway 27th floor
NY, NY 10271

4

Robert E. Gerber
1 Bowling Green
New York, NY 10004

Tracy Hope Davis
33 Whitehall St, 21st fl
NY, NY 10004

Marc Abrams and
Morris J. Massel and
Shelley C. Chapman and
Wilkie Farr & Gallagher
787 Seventh Av
NY, NY 10019

Nasty Natalia and
Brat Sister Lydia and
Maria mother and
father and
brother Carlos and
Preferred County Properties
19 Center Square
Chatham, NY 12037

Defendants Carolyn Dimmer
King and
Charles R. Fulbrudge III
and Kim Folse and
Michael Brown and
Shelley E. Saltzman and
Patrick E. Higgenbotham and
W. Eugene Davis
600 Camp St
New Orleans, La 70130

Defendants Tom S Lee and
J. T. Noblin
245 E Capitol St
Jackson, Mississippi 39201

Defendants John M. Walker
and Roseann B. Mackechnie
and Gerard Whidbee
and Stanley A. Hadler
40 Foley Square
New York, NY 10007

Defendants ____ Fernandez
and ____ Tallman
95 7th St
San Franciso, Ca 94119