```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

GLENDORA,                        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  C.A. No. 04-10964-RGS
                                 )
ROBERT S. LASNIK, et al.,        )
                                 )
          Defendants.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, the complaint is dismissed.

FACTS

On May 12, 2004, the Court received a complaint from plaintiff Glendora naming over 55 defendants, including judges of the First Circuit, dozens of other judges of the federal district and appellate courts, and clerks and other employees of many of those courts.[1]  The complaint, which bears the caption of the Eastern District of Illinois, purports to bring claims pursuant to 18 U.S.C. § 1101, RICO, Section 1983, and Section 1985 against the defendants.  Compl. ¶¶ 5, 8-9, 14.  The complaint contains no factual allegations and waiver of service forms are attached to it.  Glendora also has not

---

[1] Glendora fails to identify many of these defendants by their full name and title.  However, even a cursory review of the caption of the complaint indicates that Glendora has named judicial officers and clerks of (1) the Eastern District of New York; (2) the First Circuit; (3) the Eighth Circuit; (4) the Southern District of Mississippi; (5) the Second Circuit; (6) the Ninth Circuit; (7) the District of Columbia; and (8) the District Columbia Circuit.  See Caption.

submitted the $150.00 filing fee for this action or sought a waiver of it.

    A review of the federal judiciary's PACER records indicates that Glendora has filed over 90 actions in the federal courts, has been enjoined from filing new actions or otherwise sanctioned in at least five courts, and has been barred from proceeding in forma pauperis in the Supreme Court.[2]  Glendora v. Porzio, 523 U.S. 206

---

[2] A partial list of Glendora's many previous actions follows: Glendora v. Duberstein, et al., C.A. No. 93-04263-GLG (S.D.N.Y. Aug. 10, 1993) (granting defendants' motion to dismiss), aff'd, (2d Cir. Nov. 28, 1994); Glendora v. Gannett Co., Inc., et al., C.A. No. 93-05561-VLB (S.D.N.Y. Apr. 11, 1994) (granting defendants' motion to dismiss), aff'd (2d Cir. Dec. 1, 1994); Glendora v. Dolan, et al., C.A. No. 94-02199-VLB (S.D.N.Y. May 5, 1994) (dismissing sua sponte), aff'd, (2d Cir. Feb. 8, 1995); Glendora v. Hostetter, et al., C.A. No. 95-06815-BDP (granting defendants' motion to dismiss and for summary judgment); Glendora v. Malone, et al., C.A. No. 96-00140-JSR (S.D.N.Y. Nov. 13, 1996) (granting defendants' motion to dismiss), aff'd, (2d Cir. Feb. 3, 1998); Glendora v. Winter, et al., C.A. No. 98-01466-AER (D.D.C. June 11, 1998) (dismissing with prejudice sua sponte), aff'd, No. 98-7126 (D.C. Cir. Feb. 12, 1999); Glendora v. Newman, et al., C.A. No. 98-02641-AER (D.D.C. June 11, 1998) (dismissing with prejudice sua sponte), aff'd, No. 98-5534 (D.D.C. May 6, 1999); Glendora v. Cote, et al., C.A. No. 98-03020-GK (D.D.C. Dec. 11, 1998)(dismissing with prejudice sua sponte), aff'd, No. 98-5571 (D.D. Cir. June 21, 1999); Glendora v. Three Anonymous Second Circuit Judges, et al., 98-03021-GK (D.D.C. Dec. 11, 1998) (dismissing with prejudice sua sponte), aff'd, No. 98-5572 (D.C. Cir. Jan. 5, 1999); Glendora v. Lemle, et al., C.A. No. 99-00922-RR-RLM (E.D.N.Y. Aug. 24, 2001) (dismissed; action improperly removed from state court); Glendora v. Rudolph, et al., C.A. No. 99-03085-TPG (S.D.N.Y. Apr. 29, 1999) (dismissing sua sponte under § 1915(e)), appeal dismissed, No. 99-8020 (2d Cir. Dec. 9, 1999); Glendora v. Pinkerton Sec. & Detective Servs., et al., C.A. No. 99-03086-TPG (S.D.N.Y. Apr. 29, 1999) (dismissing sua sponte dismissal under § 1915(e)), appeal dismissed, No. 99-8019 (2d Cir. De. 9, 1999); Glendora v. Sheridan, et al., C.A. No. 99-03087-TPG (S.D.N.Y. Apr. 29, 1999) (dismissing sua sponte under § 1915(e)), appeal dismissed,

(1998) (denying Glendora leave to proceed in forma pauperis, and due to her filing of fourteen petitions between 1994 and 1998, entering an order barring prospective in forma pauperis filings by Glendora in non-criminal cases); Glendora v. Malone, No. 96-9686 (2d Cir. Jan. 14, 1998) (Glendora shall be required to petition the court to appeal prior to the filing of any future appeals); Glendora v. Sellers, 57 Fed. App. 378, 378 (10th Cir. Jan. 31, 2003) (affirming; District of New Mexico properly enjoined Glendora from future case filings based on pattern of malicious, abusive and frivolous litigation); Glendora v. Bruiser Ken, et al., C.A. No. 97-01131-EHN (E.D.N.Y. Mar. 31, 1999) (Glendora barred from filing any prospective cases related to incident giving rise to her criminal conviction); Glendora v. Cablevision Sys. Corp., et al., C.A. No. 93-08344-CLB (S.D.N.Y. June 26, 1998) (case dismissed as a sanction; Glendora permanently enjoined from filing in any court any further cases challenging the cancellation of her cable access broadcast); Glendora v. Fox, et al.,

---

No. 99-8018 (2d Cir. Feb. 17, 2000); Glendora v. Nickerson, et al., C.A. No. 99-02777-AB (E.D. Pa. Aug. 8, 1999) (dismissing sua sponte), appeal dismissed, 99-1713 (2d Cir. June 9, 2000); Glendora v. Sweet, C.A. No. 99-10092-GAO (D. Mass. Jan. 25, 1999) (dismissing under § 1915(e)), aff'd, No. 99-1262 (1st Cir. Aug. 16, 1999); Glendora v. Nickerson, et al, C.A. No. 99-11343-RGS (D. Mass. June 25, 1999) (dismissing sua sponte), appeal dismissed, No. 00-14267 (1st Cir. May 17, 2001); Glendora v. Fox, et al., C.A. No. 12144-GAO (dismissing sua sponte under § 1915(e)) (D. Mass. Oct. 18, 1999), appeal dismissed, No. 00-1138 (1st Cir. May 9, 2001); Glendora v. Levin, et al., C.A. No. 00-3254 (C.D. Cal. Apr. 6, 2000) (dismissing); Glendora v. Walker, et al., C.A. No. 04-00165-CNC (W.D. Wis. Apr. 12, 2004) (dismissing).

C.A. No. 99-3664 (S.D. Tex. Dec. 10, 1999) (dismissing and sanctioning Glendora in the amount of $75.00 for repeated abuse of judicial system; clerk is directed to refuse any more in forma pauperis actions by Glendora without permission). She also recently filed a complaint naming these same defendants in the Northern District of Illinois and paid the filing fee for the action. See Glendora v. Lasnik, et al., C.A. No. 04-3432-CRN (filed May 14, 2004).

## ANALYSIS

### The Complaint Shall Be Dismissed

Because the caption lists the Eastern District of Illinois as the relevant court and attaches waiver of service forms, it appears that Glendora did not intend to file this action in this Court and may have been attempting to "serve" the First Circuit judges named as defendants with the complaint. See Fed. R. Civ. P. 4(d) (waiver of service); cf. Glendora v. Lasnik, et al., C.A. No. 04-3432-CRN. Thus, I will dismiss this action without prejudice, and express no view on whether Glendora properly has effected service on the First Circuit judicial officers and employees named in the complaint.

I also note, without deciding however, that even if the complaint were to be deemed filed in this Court, it would be subject to dismissal in any event because this Court lacks subject-matter jurisdiction over Glendora's claims: (1) the complaint contains no

factual allegations indicating that the doctrine of absolute judicial immunity should not be applied to the judicial officer defendants and employees;[3] (2) a private citizen may not bring a criminal complaint in federal court;[4] (3) Section 1983 does not apply to federal defendants and Glendora has alleged no facts indicating that any of the private defendants should be deemed state actors;[5] and (4)

---

[3] See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772 (3rd Cir. 2000) (employees of a court have quasi-absolute judicial immunity when they perform tasks that are an integral part of the judicial process; deputy court administrator); Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) (law clerks have judicial immunity because their duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function); Mullis v. United States Bankr. Court for the Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks and deputy clerks); cf. Dellenbach v. Letsinger, 889 F.2d 755, 763 (7th Cir. 1989) (danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts--alleging as here a conspiracy between the adjunct and the judge--warrants this extension of judicial immunity to these persons).

[4] Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (a private citizen cannot prosecute a criminal action); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); Milburn v. Blackfrica Promotions, Inc., 392 F. Supp. 434, 435 (S.D.N.Y. 1974) (prosecution of mail fraud and conspiracy to commit mail fraud entrusted solely to the federal government).

[5] Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001) (§ 1983 cannot form the basis of an action against individuals acting under color of

Section 1985 does not apply to federal defendants in their official capacities and the complaint contains no allegations indicating that a Section 1985 violation has occurred.[6] Moreover, even a cursory review of the complaint and plaintiff's numerous prior actions make it patently obvious that Glendora has named as defendants parties she

---

federal law); Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (§ 1983 does not provide relief against most private individuals because of the requirement that a deprivation be caused by a person acting "color of state law"); Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity); Scott v. Hern, 216 F.3d 897, 907 (10th Cir. 2000) (when a plaintiff in a § 1983 action attempts to assert "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action).

[6]Unimex, Inc. v. United States Dep't of Hous. & Urban Dev., 594 F.2d 1060, 1061 (5th Cir. 1979) (United States has not waived its sovereign immunity under the Civil Rights statutes); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (§ 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office; § 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses; § 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus"); Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001) (dismissing § 1985 claims where plaintiff made no allegation which even inferentially indicated that any defendant conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus); Romero-Barcelo v. Hernandez Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

has previously unsuccessfully sued as well as the judicial officers and employees of the courts presiding over those actions. See Glendora v. Fox, C.A. No. 99-3664 (S.D. Tex. Dec. 10, 1999) (dismissing complaint based on Glendora's dissatisfaction with the outcomes of her other lawsuits and noting practice of naming each presiding judge as a defendant).

## CONCLUSION

ACCORDINGLY, the complaint will be dismissed without prejudice for the reasons stated above. The Clerk is directed to send a copy of this Memorandum and Order to the Clerk of the Northern District of Illinois, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois  60604.

Dated at Boston, Massachusetts, this 24th day of  May , 2004.

s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE